(No. 2023— )

WILLIAM G. GETTINGER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*
*Rehearing denied January 9, 1934.*

PARKER AND EAGLETON, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant filed his declaration herein on December 2, 1932, alleging that he, on the 5th day of November, 1931, was in the employ of the State of Illinois as a State Highway Maintenance Policeman in District No. 12 and while riding a motorcycle near Wheeler, Illinois, an automobile was suddenly driven in front of him and in order to prevent a collision he fell from his motorcycle and was injured. He had been an employee of the State since May 1, 1930.

It was stipulated that the accident occurred November 9, 1931. His doctor and hospital bills were paid by the State and John Weishaar, the man who was driving the automobile which drove upon the highway in front of claimant paid claimant $12.00 on the hospital bill. It appears that claimant remained in the employ of the State and on January 15, 1932 returned to his work and was paid his regular compensation up to the time he severed connections with the State, which was February 20, 1933. He was acting under the order of Sergt. Arch LaBaw, who also has a similar claim pending in

this court. Claimant is seeking to recover the sum of $2,500.00.

The Attorney General has filed a motion to dismiss and this case is heard upon that motion. The motion to dismiss is based upon the proposition that claimant has not complied with the terms and provisions of Section 24 of the Compensation Act of 1911 as subsequently amended, because no claim or demand appears to have been made upon the respondent by the claimant for compensation within six months after the date of the accident on November 9, 1931. We think that a compliance with the statute is jurisdictional. The Supreme Court in the case of *City of Rochelle* vs. *Ind. Co.*, 332 Ill. 386, and in other cases, held that no proceeding for compensation shall be maintained unless claim for compensation has been made within six months after the accident. The making of such claim is jurisdictional and unless there is proof of the claim being made there is no jurisdiction. The motion, therefore, to dismiss will be allowed. Case dismissed.